# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 28, 1991

Honorable John Vance
Dallas County District Attorney
Civil Section
Administration Building
411 Elm Street
Dallas, Texas 75202

Opinion No. DM-29

Re: Whether the Dallas County Hospital District may use hospital district funds to become a dues-paying member of a private, nonprofit corporation or to reimburse district officials for expenses of individual membership (RQ-50)

Dear Mr. Vance:

You have requested our opinion as to whether the Dallas County Hospital District is authorized to expend district funds to become a dues-paying member of various private nonprofit corporations and associations or to reimburse district officials for expenses incurred for individual memberships. Specifically, you ask:

> 1. May the Dallas County Hospital District be a dues paying member of Dallas Medical Resource, a Texas non-profit corporation formed to provide services to member institutions such as publicizing the quality, availability and diversity of health care services available at member health care facilities located in Dallas County?

> 2. May the Dallas County Hospital District be a dues paying member of the Stemmons Corridor Business Association, an association organized to improve the quality and safety of the Stemmons Freeway a business corridor in which Parkland Memorial Hospital is located?

> 3. May the Dallas County Hospital District be a dues paying member of the Greater Dallas Chamber of Commerce, the Dallas Black Chamber of Commerce and the Dallas Hispanic Chamber of Commerce?

4. May the Dallas County Hospital District reimburse its president and chief executive officer for his expenses in joining and maintaining his membership in the Dallas Assembly, an association of individual citizens whose goal it is to create growth through ideas;   or, may the Dallas County Hospital District pay his expenses incurred in joining and maintaining membership in the Dallas Assembly?

5. May the Dallas County Hospital District reimburse its president and chief executive officer for his expenses in joining and maintaining his membership in the Dallas Citizens Council, a Texas non-profit corporation organized to encourage the involvement of the local business community in matters affecting the quality of life and governance of the greater Dallas community, to formulate procedures and channels for such improvement and to provide mechanisms for the adoption and implementation of programs which develop from such involvement;   or, may the Dallas County Hospital District pay his expenses incurred in joining and maintaining his membership in the Dallas Citizens Council?

The Dallas County Hospital District is a county-wide hospital district established under article 11, section 4, of the Texas Constitution and chapter 281 of the Health and Safety Code [formerly article 4494n, V.T.C.S.].   Subchapter C thereof describes the "general powers and duties" of such a district.   The district is, *inter alia*, required to assume "full responsibility for furnishing medical and hospital care for indigent and needy persons residing in the district."   Health & Safety Code § 281.046.   The district's board of directors is also empowered to "manage, control, and administer the . . . hospital system of the district"; to "adopt rules governing the operation of the . . . hospital system"; to "construct, condemn, acquire, lease, add to, maintain, operate, develop, regulate, sell, exchange, and convey any property, property right, equipment, hospital facility, or system to maintain a hospital, building, or other facility or to provide a service required by the district";   to "contract or cooperate with" (1) the federal government,  (2) this state,  (3) a municipality,  (4) another hospital district,  or (5) a privately owned or operated hospital located in the district;   to enter into lease and purchase agreements for the purpose of acquiring "buildings, land, facilities, equipment, or services";   to exercise the power of eminent domain; to "accept gifts and endowments"; to "sue and be

sued"; and to "employ and commission peace officers for the district." *Id.* §§ 281.047, 281.048, 281.050, 281.051, 281.052, 281.054, 281.055, 281.056, 281.057.

A hospital district, like every political subdivision other than a home rule city, is a creature of limited authority. As the Texas Supreme Court said in referring to a fresh water supply district,

> [t]he powers of such districts are measured by the terms of the statute which authorized their creation, and they can exercise no authority that has not been clearly granted by the legislature.

*Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann*, 142 S.W.2d 945, 948 (Tex. 1940); *see also Franklin County Water Dist. v. Majors*, 476 S.W.2d 371, 373 (Tex. Civ. App.--Texarkana 1972, writ ref'd n.r.e.); Attorney General Opinion JM-1142 (1990). This office has specifically held that, on constitutional grounds, a county may not become a dues-paying member of a chamber of commerce. Attorney General Opinion H-397 (1974); *see also* Attorney General Opinions JM-1199 (1990); JM-65 (1983). Although the same reasoning would prohibit a hospital district from becoming a dues-paying member of the organizations listed in your first three questions, we believe that the issue may be decided on statutory grounds alone without reference to the constitution. No provision of chapter 281 may reasonably be construed to authorize the board to expend funds for membership in such private organizations as you have described, nor do we think that any such authorization can properly be inferred therefrom. Furthermore, by the same reasoning, the board may not reimburse its administrator for any expenses incurred in joining such organizations or attending their meetings. Accordingly, we answer your remaining questions in the negative.[1]

## SUMMARY

The Dallas County Hospital District is not authorized to become a dues-paying member of various private, nonprofit

---

[1]By way of contrast, section 81.026 of the Local Government Code empowers a commissioners court, "in the name of the county," to spend "money from the county's general fund for membership fees and dues of a nonprofit state association of counties" if certain conditions are fulfilled. *See* Attorney General Opinion M-759 (1970).

corporations and associations nor to reimburse its administrator for maintaining an individual membership in such organizations.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General